The Honorable Frank Glidewell State Representative 10409 Castleton Street Fort Smith, Arkansas 72908-9392
Dear Representative Glidewell:
I am writing in response to your request for an opinion concerning new taxing requirements that were enacted by the General Assembly to comply with the "Streamlined Sales and Use Tax Agreement."[1] Your question pertains specifically to the removal of the $2,500 cap on local sales and use taxes. See A.C.A. § 26-73-301 (Supp. 2007) (effective January 1, 2008).[2] As background for your question, you state:
The new law removed the cap of $2,500 which previously limited the local sales tax an individual paid. At the time, many residents who voted for additional taxes did so with the understanding that the local sales tax would be levied on the first $2,500 of a single transaction, and no local sales taxes would be levied on an amount above that.
Your specific question is as follows:
Would it be permissible for the county to rebate to the individual purchaser any local sales tax which was assessed on a purchase of over $2,500.00?
RESPONSE
The answer to this question is "no," in my opinion.
I recently responded to a question concerning the legislature's authority to remove the "single transaction" cap on local sales taxes. I concluded in Attorney General Opinion 2008-030 that the legislature did have such authority. I have enclosed a copy of that opinion for your convenience. State law therefore no longer places a limit on the local sales tax, except with respect to certain specified items, see A.C.A. § 26-73-301(a), supra at n. 2. Your question is whether the county may nevertheless rebate to individual purchasers any local sales tax that was levied and collected on sales over $2,500.
In my opinion, this question must be answered in the negative. The new taxing requirements include provisions for the rebate of county and city sales taxes collected on sales over $2,500, but the rebate provision only applies to sales of those items included in the maximum tax limitation, i.e., motor vehicles, aircraft, watercraft, modular homes, manufactured homes, and mobile homes. See A.C.A. §§ 26-74-213 (Supp. 2007) (county rebate) and 26-75-321 (Supp. 2007) (city rebate). Additionally, the legislature in 2007 enacted a credit or rebate provision that applies to certain business purchases, but the new law does not apply to individual consumption. Act 179 of 2007 added a new Code section, A.C.A. § 26-52-523, which provides:
(1) A purchaser that pays any municipal sales or use tax in excess of the tax due on the first two thousand five hundred dollars ($2,500) of gross receipts or gross proceeds from a qualifying purchase of tangible personal property or a taxable service in a single transaction is entitled to a credit or rebate of the excess amount of municipal sales or use tax paid on each single transaction.
(2) A purchaser that pays any county sales or use tax in excess of the tax due on the first two thousand five hundred dollars ($2,500) of gross receipts or gross proceeds from a qualifying purchase of tangible personal property or a taxable service in a single transaction is entitled to a credit or rebate of the excess amount of county sales or use tax paid on each single transaction.
A.C.A. § 26-52-523(b) (Supp. 2007) (emphasis added).
The term "qualifying purchase" is defined as:
[A] purchase of tangible personal property or a taxable service:
(A) For which the purchaser may take a business expense deduction pursuant to 26 U.S.C. § 162, as in effect on January 1, 2007;
(B) For which the purchaser may take a depreciation deduction pursuant to 26 U.S.C. §; 167, as in effect on January 1, 2007;
(C) By an exempt organization under 26 U.S.C. § 501, as in effect on January 1, 2007, if the purchase would be subject to a business expense deduction or depreciation deduction if the purchaser were not an exempt organization under 26 U.S.C. § 501, as in effect on January 1, 2007; or
(D) By a state, or any county, city, municipality, school district, state-supported college or university, or any other political subdivision of a state, if the purchase would be subject to a business expense deduction or depreciation deduction if the purchaser were not one (1) of the entities enumerated in this subdivision[.]
Id. at (a).[3]
I must conclude in light of these provisions that a county lacks the authority to rebate to the individual purchaser any local sales tax which was assessed on a purchase of any item other than those listed in A.C.A. § 26-73-301. Although counties are granted broad legislative powers under Arkansas Constitution, Amendment 55, and quorum courts may "exercise local legislative power not denied by the Constitution or by law," id., it is clear that a county cannot adopt "[a]ny legislative act contrary to the general laws of the state." A.C.A. § 14-14-805(13) (Repl. 1998). In my opinion, a county would be acting contrary to the above state laws if it provided rebates to individual purchasers as contemplated by your question.[4]
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] The Streamlined Sales and Use Tax Agreement is an agreement among states that "focuses on improving sales and use tax administration systems for all sellers and for all types of commerce through all of the following: (1) State level administration of sales and use tax collections; (2) Uniformity in the state and local tax bases; (3) Uniformity of major tax base definitions; (4) Central, electronic registration system for all member states; (5) Simplification of state and local tax rates; (6) Uniform sourcing rules for all taxable transactions; (7) Simplified administration of exemptions; (8) Simplified tax returns; (9) Simplification of tax remittances; and (10) Protection of consumer privacy." Act 2003, No. 1273, § 1.Act 1273 of 2003 made the necessary amendments to the various tax laws for Arkansas to be a party to the Agreement. According to Act 1273, the Agreement is "necessary in order to stop the loss of sales tax revenues due to the rapid growth of internet sales, to level the playing field between local businesses and out-of-state businesses, and to negate the undue burden on interstate commerce[.]" Id. at § 88. Act 1273's effective date was extended to January 1, 2008, byAct 180 of 2007.
[2] Subsection 26-73-301 states:(a) Any municipal or county sales or use tax levied pursuant to the laws of this state shall be levied and collected only on the first two thousand five hundred dollars ($2,500) of gross receipts, gross proceeds, or sales price on the sale of a: (1) Motor vehicle; (2) Aircraft; (3) Watercraft; (4) Modular home; (5) Manufactured home; and (6) Mobile home. (b) This provision shall apply to all municipal and county sales and use taxes adopted before or after this section and shall be in addition to and not in lieu of any other limitations imposed by law. A.C.A. § 26-73-301 (Supp. 2007) (as amended Acts 2003, No. 1273, § 33, effective January 1, 2008).The $2,500 cap thus now only applies to sales of a "motor vehicle, aircraft, watercraft, modular home, manufactured home, or mobile home." Id. See also A.C.A. §§ 26-74-220 and -320 (Supp. 2007) (regarding county sales and use taxes, effective January 1, 2008); A.C.A. §§ 26-75-222 and -319 (Supp. 2007) (regarding city sales and use taxes, effective January 1, 2008). Prior to its amendment by Act 1273 of 2003, subsection 26-73-301
stated: Any municipal or county sales or use tax levied pursuant to the laws of this state shall be levied and collected only on the first two thousand five hundred dollars ($2,500) of gross receipts, gross proceeds, or sales price from a single transaction. This provision shall apply to all municipal and county sales and use taxes heretofore or hereafter adopted and shall be in addition to and not in lieu of any other limitations imposed by law.A.C.A. § 26-73-301 (Repl. 1997).
[3] The credit or rebate does not apply to the so-called "border city" sales tax levied pursuant to A.C.A. § 26-52-303, or to the sales tax authorized under § 26-75-502 with respect to any city over 40,000 that has been designated by ordinance as a "model city" under the Demonstration Cities and Metropolitan Development Act of 1966,42 U.S.C. § 3301 et seq. See A.C.A. § 26-52-523(h) (Supp. 2007).
[4] A similar analysis applies, in my opinion, with respect to a city's authority, or lack thereof, to enact a sales tax rebate. Cf. Op. Att'y Gen. 2005-018 (concluding that neither a city nor a county has the authority to levy a real estate transfer tax). *Page 1